UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORENA BARAHONA,

    Plaintiff,

v.    Case No.

COOLING & WINTER LLC,

    Defendants.

_____/

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW, the Plaintiff, LORENA BARAHONA (hereinafter "Plaintiff" or "Ms. Barahona"), by and through the undersigned counsel, and hereby sues Defendant, COOLING & WINTER LLC (hereinafter "Defendant" or "C&W"), for damages and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, Lorena Barahona, is a natural person who resides in Lee County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant, Cooling & Winter LLC, is a foreign limited liability company that maintains its principal place of business at 1355 Roswell Road, Suite 240, Marietta, GA 30062, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). More specifically:

    a. Defendant is principally engaged in the business of collecting debts;

    b. Defendant regularly collets debts owed or due or asserted to be owed or due to another; and

    c. Defendant uses the United States postal service and telephones in connection with its debt collection business.

    Further, upon information and belief, Defendant has significant and substantial contacts with the State of Florida.

## FACTUAL ALLEGATIONS

6. Prior to January 4, 2013, Ms. Barahona incurred a consumer debt (hereinafter the "Debt") to FIA Card Services, N.A. (hereinafter "FIA"). Specifically, Ms. Barahona incurred charges on a credit card for good and services that were used for personal, family, or household purposes.

7. Subsequent to incurring the Debt, Ms. Barahona became delinquent on payments, and the Debt went into default.

8. On or about January 4, 2013, FIA, by and through its attorney, filed a Statement of Claim against Ms. Barahona in an attempt to collect the Debt. *See* **Exhibit "A"** attached hereto; *see also* Lee County case number 13-CC-000004.

9. The Statement of Claim filed on behalf of FIA specifically states that it is an attempt to collect a debt. *See* Exhibit "A".

10. Subsequently, FIA transferred the Debt to Bank of America, N.A. (hereinafter "BOA"), who took over as the plaintiff.

11. Thereafter, BOA's attorneys at the time, Frederick J. Hanna & Associates, P.C. (hereinafter "FJH") filed a Motion for Final Judgment by Default (hereinafter the "Motion"). The Motion was not properly served upon Ms. Barahona, but was instead served upon "Carmen Dellutri, Esquire, 1436 Royal Palm Square Blvd., Fort Myers, FL 33919."

12. Neither Carmen Dellutri nor the any other attorney at The Dellutri Law Group, P.A. (hereinafter "DLG") had entered any appearance on behalf of Ms. Barahona in the state action. In fact, the state court's docket reflects that no attorney had ever entered any appearance on behalf of Ms. Barahona in that case.

13. At some point after service of the Motion, C&W, the Defendant herein, became attorneys for BOA, and litigated the state court action on behalf of BOA.

14. A final judgment (hereinafter the "Final Judgment") was entered on July 23, 2015. *See* **Exhibit "B"** attached hereto.

15. On February 2, 2017, C&W filed a Motion for Continuing Writ of Garnishment, and began garnishing Ms. Barahona's paychecks to satisfy the Final Judgment. In response, Ms. Barahona filed a Claim of Exemption (hereinafter the "Claim") in the state court action pursuant to Fla. Stat. Chap. 77, seeking to be exempt from garnishment due to the fact that she provides more than one-half of the support for a minor child. *See* **Exhibit "C"** attached hereto.

16. On March 21, 2017, C&W served its Notice to Defendant Pursuant to Florida Statute 77.041, but did not actually serve it upon Defendant. The certificate of service shows

that it was mailed to "Carmen Dellutri, Esquire at 1436 Royal Palm Square Blvd., Fort Myers, FL 33919[.]" *See* **Exhibit "D"** attached hereto.

17. On March 24, 2017, DLG notified C&W via e-mail that it did not represent Ms. Barahona with respect to the Statement of Claim or the state court action. On even date, DLG again notified C&W via e-mail that it had never filed anything on behalf of Ms. Barahona in the state court action, and confirmed that Ms. Barahona was *pro se*. *See* **Composite Exhibit "E"** attached hereto.

18. On April 3, 2017, DLG again notified C&W that it was never attorney of record for Ms. Barahona with respect to the Statement of Claim or the state court action, and properly instructed C&W to direct all correspondence regarding the state court action to Ms. Barahona directly. *See* **Exhibit "F"** attached hereto.

19. C&W unilaterally set Plaintiff's Claim to be heard before the state court on January 11, 2018, and issued a Notice of Hearing (hereinafter the "Notice") reflecting the time and date for the hearing. However, despite the above notices from DLG, the Notice was improperly served upon Ms. Barahona at "1436 ROYAL PALM SQUARE BLVD, FORT MYERS FL 33919-1049", which is not Ms. Barahona's address but is actually DLG's address. *See* **Exhibit "G"** attached hereto.

20. On January 3, 2018, over a week before the hearing pursuant to the improperly-served Notice, DLG again notified C&W that it did not represent Ms. Barahona with respect to the Statement of Claim or the state court case, and advised C&W to direct its correspondence to Ms. Barahona directly. *See* **Exhibit "H"** attached hereto.

21. Despite all of the above correspondence from DLG, at no point did C&W make any effort to ameliorate the notice issues by reserving Ms. Barahona directly, and instead went forward with an improperly-notice hearing in Ms. Barahona's Claim.

22. As neither Carmen Dellutri nor the any other attorney at DLG had entered any appearance on behalf of Ms. Barahona in the state action, Ms. Barahona did not receive the Notice. As a result, Ms. Barahona did not attend the hearing on her Claim, and as a result it was denied. *See* **Exhibit "I"** attached hereto.

23. Subsequently, the state court, at C&W's bequest, entered a Final Judgment of Garnishment (hereinafter the "Final Judgment of Garnishment") in favor of BOA and against Ms. Barahona. *See* **Exhibit "J"** attached hereto.

24. Upon information and belief, C&W never notified or informed the state court of the known service and notice errors continually brought to C&W's attention by DLG as alleged herein.

25. By continuing to garnish Ms. Barahona's paychecks to satisfy the Final Judgment, without giving her due notice and opportunity to be heard on her Claim as required by Florida law, C&W is using an unfair and deceptive method of collecting the Debt in violation of the FDCPA.

26. Ms. Barahona has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of C&W.

27. Ms. Barahona has suffered further actual damages, as funds continued to be garnished from her paycheck despite her valid Claim in violation of Florida law.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

28. Ms. Barahona incorporates by reference 1 – 28 of the paragraphs of this Amended Complaint as though fully stated herein.

29. C&W violated 15 U.S.C. § 1692e(10), which prohibits a debt collection from using any false representation or deceptive means to collect a debt.

30. C&W, through its Notice, made a false representation to the state court that Ms. Barahona had been properly notified of the hearing on her Claim through her "attorney" when, in fact, Ms. Barahona had no attorney and was thus *not* properly notified.

31. C&W further used deceptive means to collect the Debt by conducting a hearing on Ms. Barahona's Claim without properly notifying her of such hearing, which directly led to the Claim being denied and the state court entering the Final Judgment of Garnishment.

32. As a direct and proximate result of C&W's actions in violation of said statute, Ms. Barahona has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

33. Further, Ms. Barahona has suffered actual damages as a result of C&W's conduct, as she was not given proper notice or opportunity to be heard regarding her Claim, and as a result the Claim was denied, leading to her paycheck being improperly garnished in violation of Florida law.

34. Ms. Barahona has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, Ms.

Barahona seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

35. Ms. Barahona incorporates by reference 1 – 28 of the paragraphs of this Amended Complaint as though fully stated herein.

36. C&W violated 15 U.S.C. § 1692f, which generally prohibits a debt collector from using unfair or unconscionable means in an attempt to collect a debt.

37. C&W further used unfair and unconscionable means to collect the Debt by conducting a hearing on Ms. Barahona's Claim without properly notifying her of such hearing, which directly led to the Claim being denied and the state court entering the Final Judgment of Garnishment.

38. As a direct and proximate result of C&W's actions in violation of said statute, Ms. Barahona has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

39. Further, Ms. Barahona has suffered actual damages as a result of C&W's conduct, as she was not given proper notice or opportunity to be heard regarding her Claim, and as a result the Claim was denied, leading to her paycheck being improperly garnished in violation of Florida law.

40. Ms. Barahona has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, Ms.

Barahona seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## JURY TRIAL DEMAND

41. Ms. Barahona is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff, LORENA BARAHONA, having set forth her claims for relief against the Defendant, COOLING & WINTER LLC, respectfully prays of the Court as follows:

A. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by her attorney;

D. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: April 17, 2018

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

By: /s/ Joseph C. LoTempio
    Joseph C. LoTempio, Esq.
    Fla. Bar No. 0086097
    jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida      )
                      ) ss
COUNTY OF Lee         )

Plaintiff, LORENA BARAHONA, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil action.
2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party to this action.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
LORENA BARAHONA

Subscribed and sworn to before me this 18th day of April, 2018 by LORENA BARAHONA who:

☐ is personally known; or

☒ produced identification  FL DL  .

KATHRYN MICHIE
Commission # FF 198362
Expires May 10, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Notary Public

(SEAL)

9